IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | |
|---|---|
| Continental Casualty Company, Valley Forge Insurance Company and Transportation Insurance Company<br><br>Plaintiffs,<br>v.<br><br>ABC Data, Inc., dba Unicard Systems, Inc. and Does 1 through 10, inclusive,<br><br>Defendants. | § § § § § § § § § § § § § Civil Action No.<br><br>307 - CV 1 4 0 8 - K |

## COMPLAINT

COMES NOW plaintiffs Continental Casualty Company, Valley Forge Insurance Company and Transportation Insurance Company, and as their Complaint against ABC Data, Inc., dba Unicard Systems, Inc. and Does 1 through 10, allege as follows:

### JURISDICTION AND VENUE

1. This court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332. Defendant is a citizen of the state of Texas, having been incorporated in Texas and having its principal place of business in Dallas, Texas. Plaintiffs are citizens of a state other than Texas, as set out below. This is a civil action in which the amount in controversy exceeds $75,000, exclusive of interests and costs.

2. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391, because defendant resides in Dallas, Texas.

3. This action for declaratory relief is brought pursuant to 28 U.S.C. § 2201(a).

### THE PARTIES

4. Plaintiff Continental Casualty Company (hereinafter "Continental Casualty") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Illinois. Continental Casualty is authorized to do business in the State of Texas and is engaged in the business of insurance.

5. Plaintiff Valley Forge Insurance Company (hereinafter "Valley Forge") is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business in Illinois. Valley Forge is authorized to do business in the State of Texas and is engaged in the business of insurance.

6. Plaintiff Transportation Insurance Company (hereinafter "Transportation") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Illinois. Transportation is authorized to do business in the State of Texas and is engaged in the business of insurance.

7. Defendant ABC Data, Inc. dba Unicard Systems, Inc. is a corporation doing business in the State of Texas. Plaintiffs are informed and believe that ABC Data, Inc. dba Unicard Systems, Inc. is organized and exists under the laws of the State of Texas, with its principal place of business in Dallas, Texas. Plaintiffs also are informed and believe and thereon allege that ABC Data, Inc. dba Unicard Systems is, and at all times relevant hereto, was engaged in business in the State of Texas.

## GENERAL ALLEGATIONS

8. Defendant ABC Data, Inc, dba Unicard Systems, Inc. (hereinafter "Unicard") is in the business of providing automated member identity verification services to Restaurant Clubs in the State of Texas.

9. Texas law requires Restaurant Clubs to keep accurate records on all club members and allows the Restaurant Clubs to use an automated bookkeeping system to achieve these goals.

10. In the mid-1990's and again from February 22, 2002 to the present, Unicard contracted with the State of Texas Department of Public Safety (hereinafter "DPS") to purchase certain information contained within Texas motor vehicle records

such as names, addresses, and birthdates for the permissible business purpose of providing automated member identity verification services to Restaurant Clubs organized and regulated under Texas law.

11. Under Texas law, a legitimate business can submit an application to the Texas DPS stating among other things a "permissible purpose" for obtaining certain motor vehicle record information concerning Texas residents. Upon approval of the application and payment of a fee, the Texas DPS provides the applicant with certain motor vehicle record information for all persons in the State of Texas with a Texas driver's license or an automobile registered in Texas. These records are provided on magnetic tapes and the DPS periodically provides updated information.

12. On 1/31/2007, Sharon Taylor and 23 other individuals, on behalf of themselves and all others similarly situated (hereinafter, "Taylor"), filed a class action first amended complaint against Safeway Inc., and 31 other entities, including Unicard, in United States District Court for the Eastern District of Texas, Case No. 2:07-CV-00017 ("the Underlying Action"), for alleged violations of the Driver Privacy Protection Act, 18 U.S.C. §2121 *et seq.* (hereinafter "the DPPA").

13. In the Underlying Action, Taylor asserts a single cause of action against Unicard and the other 31 defendants under the DPPA. Taylor alleges that from June 1, 2000 to the present, defendants "knowingly" "obtained and/or used" "personal information" from "motor vehicle records" such as name, home address and race pertaining to over 20,000,000 Texas residents from the Texas Department of Public Safety (hereinafter "DPS") for which defendants did not have a "permissible purpose" in violation of the DPPA.

14. Taylor seeks class certification, injunctive relief, statutory liquidated damages in the amount of $2,500 for each violation of the DPPA concerning each plaintiff and each class member, punitive damages, and other such relief as the Court deems appropriate.

15. Taylor does not allege any plaintiff has suffered any bodily injury or property damage.

16. Taylor does not allege that Unicard "published" personal information or otherwise revealed personal information to any third party in an unauthorized manner.

17. Taylor does not allege that any plaintiff suffered any actual harm or specific monetary damages as a result of Unicard's alleged violations of the DPPA.

18. Taylor further alleges that Unicard "knowingly" violated the DPPA in reckless disregard of the law.

19. Continental Casualty, Valley Forge, or Transportation issued yearly Commercial General Liability policies to Unicard, all with Policy No. B 1075485585, and effective June 23, 1999 to June 23, 2006 ("the 99-06 Primary Policies"). The 99-06 Primary Policies identify both ABC Data, Inc. and Unicard Systems, Inc. as Named Insureds. The 99-06 Primary Policies provide per occurrence limits of $1 million, a personal and advertising injury limit of $1 million, and a $2 million general aggregate limit.

20. The 99-06 Primary Policies provide in relevant part as follows:

**SECTION I – COVERAGES**

**A.    COVERAGES**

**1.    Business Liability**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "property damage", "bodily injury", "personal injury" or "advertising injury" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

        **(1)** The amount we will pay for damages is limited as described in SECTION D– Limits of Insurance; and

*Page 4*

>       **(2)**   Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements or medical expenses.
>
>   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under COVERAGE EXTENSION -SUPPLEMENTARY PAYMENTS.
>
>   **b.**   This insurance applies:
>
>   **(2)**   To
>
>   >   (a)   "Personal injury" caused by an offence arising out of your business excluding advertising, publishing, broadcasting or telecasting done by or for you
>
>   but only if the offence was committed in the "coverage territory" during the policy period.
>
>   **B.**   **EXCLUSIONS**
>
>   This insurance does not apply to:
>
>   p.   "Personal injury" or "advertising injury":
>
>   >   (2)   Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;
>
>   **F.**   **DEFINITIONS**
>
>   "Personal injury" means injury, other than "bodily injury", arising out of one or more of the following offences:
>
>   >   e.   Oral or written publication of material that violates a person's right of privacy.

21.   Transportation issued a Commercial General Liability Policy to Unicard, also Policy No. B 1075485585, effective June 23, 2006 to June 23, 2007 ("the 06-07 Primary Policy"). The 06-07 Primary Policy also identifies both ABC Data, Inc. and

Unicard Systems, Inc. as Named Insureds. The 06-07 Primary Policy also provides per occurrence limits of $1 million, a personal and advertising injury limit of $1 million, and a $2 million general aggregate limit.

22. The 06-07 Primary Policy provided the same limits of liability as the previous policies, but was written on form SB-300000-A (01/06) which provides virtually identical coverage for "personal injury" claims, and is endorsed with form SB-147078-A (01/06) which includes the following additional exclusion:

> (15) This insurance does not apply to:
>
> DISTRIBUTION OF MATERIAL IN VIOLATION OF STATUTES
>
> "Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:
>
> (3) Any statute, ordinance, or regulation other than the TCPA or CAN-SPAM Act of 2003 that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

23. Continental Casualty issued yearly Commercial Umbrella Liability policies to ABC Data, Inc. dba Unicard Systems, Inc. from June 23, 1999 to June 23, 2003 under Policy No. B1075489698 ("the 99-03 Umbrella Policies"). True and correct copies of the 99-03 Umbrella Policies are attached hereto as Exhibit D and incorporated herein by this reference. These policies provide a limit of $1,000,000 for each incident and a $1,000,000 aggregate limit excess of the primary policies, with a retained limit of $10,000.

As modified by form G-15357-C (10/93), AMENDATORY ENDORSEMENT-TEXAS, the policies provide in relevant part as follows:

> **SECTION 1 – COVERAGES**
>
> **1.   Insuring Agreement**
>
> We will indemnify the insured all sums that the insured becomes legally obligated to pay as "ultimate net loss" because of:

    c.    "Personal injury"

caused by an "incident" which takes place during the policy period and in the policy territory.

**2.**   **Exclusions**

This insurance does not apply to:

    c.    "Personal injury" or "advertising injury":

        (2)    Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;

        (3)    Arising out of the wilful violation of a penal statute or ordinance committed by or with the consent of the insured.

## SECTION V – DEFINITIONS

**9.**   "Incident"

    **a(2).**    The trigger of coverage, with respect to "personal injury" or "advertising injury" is an offence.

        (a)    For "personal injury", when coverage is triggered by an offence, then "incident" means an act or series of acts of the same or substantially the same nature committed during this policy period. All loss arising out of such act or series of acts, regardless of the frequency thereof or the number of claimants, shall be deemed to arise out of one offence.

**10.**   "**Personal Injury**" means injury other than "bodily injury", arising out of one or more of the following offences:

        h.    Invasion of rights of privacy,

all of which are committed in the conduct of an insured's business; except for coverage that is afforded under "advertising injury."

24. Continental Casualty issued yearly commercial umbrella liability policies to ABC Data, Inc. dba Unicard Systems, Inc. from June 23, 2003 to June 23, 2005 under policy No. B1075489698. ("the 03-05 Umbrella Policies"). These policies provide the same limits of liability as the prior umbrella policies. The only significant difference between these umbrella policies and the earlier umbrella policies is in the exclusion language. As modified by form G-15357-C (10/93), AMENDATORY ENDORSEMENT- TEXAS, these policies provide in relevant part as follows:

> 2. **Exclusions**
>
> This insurance does not apply to:
>
> c. "Personal injury" or "advertising injury":
>
> (1) Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal injury" or "advertising injury".
>
> (3) Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;

25. Continental Casualty issued a commercial umbrella liability policy to ABC Data, Inc. dba Unicard Systems, Inc. effective June 23, 2005 to June 23, 2006 under Policy No. B1075489698. ("the 05-06 Umbrella Policy). This umbrella policy provides the same limits of liability as the prior umbrella policies. The significant change in this umbrella policy was the addition of form G-147133-A (01/04), AMENDMENT OF DEFINITIONS, which provides in relevant part as follows:

> **SECTION V – DEFINITIONS**
>
> **"Personal and advertising injury"** means injury including consequential "bodily injury", arising out of one or more of the following offences:
>
> 5. Oral or written publication, in any manner, that violates a person's right of privacy;

26.     Continental Casualty issued commercial umbrella liability policy to ABC Data, Inc. dba Unicard Systems, Inc. from June 23, 2006 to June 23, 2007 under policy No. B1075489698. ("the 06-07 Umbrella Policy").  This policy provides the same limits of liability with the same essential terms and conditions as the prior policy.

## FIRST CAUSE OF ACTION--DECLARATORY RELIEF

## PLAINTIFFS HAVE NO DUTY TO DEFEND OR INDEMNIFY

27.     Continental Casualty, Valley Forge and Transportation incorporate by reference paragraphs 1 through 29 as if set forth herein.

28.     An actual controversy has arisen and now exists between Continental Casualty, Valley Forge and Transportation on the one hand and Unicard on the other with respect to whether Continental Casualty, Valley Forge and/or Transportation owe any duty to defend Unicard in the Underlying Action under the Primary Policies or the Umbrella Policies.  As to this controversy, Continental Casualty, Valley Forge and Transportation request the Court to make and enter a binding judicial declaration in accordance with Continental Casualty's, Valley Forge's and Transportation's contentions set forth below.  The requested declarations are both necessary and proper at this time under the circumstances in that the interests of judicial economy and substantial justice will be served thereby.

29.     Continental Casualty, Valley Forge and Transportation contend that they owe no duty to defend Unicard in the Underlying Action for the following reasons:

   a.   Taylor's allegations in the Underlying Action do not fall within the "personal injury" definition within the Primary Policies or the Umbrella Policies.

   b.   The Primary Policies and the Umbrella Policies are not triggered because Taylor does not allege that Unicard published any plaintiffs' "personal information" to any third party.

c. The Primary Policies and the Umbrella Policies are not triggered because no actual invasion of privacy is alleged in the Underlying Action.

d. The Primary Policies and Umbrella Policies are not triggered as no bodily injury or property damage, as defined by the Policies, is alleged in the Underlying Action.

e. Taylor's allegations in the Underlying Action do not fall within the definitions of "advertising injury" in either the Primary Policies or Umbrella Policies.

f. The Primary Policies and Umbrella Policies are not triggered as no "advertising activity" is alleged in the Underlying Action.

g. Taylor's allegations in the Underlying Action concern violations of a statute that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

h. The allegations and prayer for relief in the Underlying Action bring the claim within the 06-07 Primary Policy's exclusion for "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

   (3) Any statute, ordinance, or regulation other than the TCPA or CAN-SPAM Act of 2003 that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

i. Therefore, Continental Casualty, Valley Forge and Transportation owe no duty to defend Unicard in the Underlying Action under any Primary Policy; and

j. Continental Casualty owes no duty to defend Unicard in the Underlying Action under any Umbrella Policy.

Because plaintiffs have no duty to defend, under Texas law they are entitled to judgment declaring that they have no duty to pay any judgment or settlement entered in the underlying case, or to indemnify defendants for same.

## SECOND CAUSE OF ACTION

## RESTITUTION/REIMBURSEMENT

30. Continental Casualty, Valley Forge and Transportation incorporate by reference paragraphs 1 through 32 as though fully set forth herein.

31. Continental Casualty, Valley Forge and Transportation have incurred defense costs defending Unicard in the Underlying Action, despite the fact that the Policies do not even potentially cover the claims therein.

32. Continental Casualty, Valley Forge and Transportation have informed Unicard of their position that the Underlying Action is not even potentially covered under the policy based upon the exclusions thereto, that they may file a declaratory relief action to resolve the coverage issues, and have expressly reserved their right to seek reimbursement of any and all defense costs they incurred defending the Underlying Action.

33. Unicard has been unjustly enriched due to Continental Casualty's, Valley Forge's and Transportation's extra-contractual defense of the Underlying Action.

34. Continental Casualty, Valley Forge and Transportation are entitled to reimbursement of all of the defense costs they have incurred defending Unicard in the Underlying Action in an amount to be proven at trial.

WHEREFORE, Continental Casualty, Valley Forge and Transportation demand judgment against ABC Data, Inc. dba Unicard Systems, Inc., for a declaration that Continental Casualty, Valley Forge and Transportation have no duty to defend or indemnify ABC Data, Inc. dba Unicard Systems, Inc. in the Underlying Action under

either the Primary Policies or the Umbrella Policies, and for an order requiring Unicard to reimburse Continental Casualty, Valley Forge and Transportation for any and all sums they have paid to defend and/or indemnify Unicard in the Underlying Action, for costs of suit; and for such additional and further relief as the court deems just and proper.

Respectfully submitted,

John C. Tollefson
Texas SBN 20109400
Stephen A. Melendi
SBN 24041468
Tollefson Bradley Ball & Mitchell, LLP
2811 McKinney Avenue, Suite 250
Dallas, TX 75204
214.665.0100
214.665.0199 (fax)
johnt@tbbmlaw.com
stephenm@tbbmlaw.com
**ATTORNEYS FOR PLAINTIFFS**

JS 44 (Rev. 10/06)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Continental Casualty Company, Valley Forge Insurance Company, et al.

## DEFENDANTS
ABC Data, Inc., dba Unicard Systems, Inc., and Does 1 through 10, inclusive

(b) County of Residence of First Listed Plaintiff: **Cook**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Dallas**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Tollefson Bradley Ball & Mitchell, LLP, 2811 McKinney Ave., Suite 250, Dallas, TX 75204; 214-665-0100

Attorneys (If Known): **307-CV1408-K**

RECEIVED AUG 15 2007 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | **Habeas Corpus:** / ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Brief description of cause: 28 USC 1332; insurance dispute

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 75000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) PENDING OR CLOSED (See instructions):
JUDGE: US District Court, Eastern Dist. Texas
DOCKET NUMBER: 2:07-CV-00017

DATE: 8/14/07
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____